# JS-6

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN J. WALSH, SECRETARY OF LABOR, U.S. Department of Labor, | Case No. 8:22-cv-00443-FWS-KES |
| Plaintiff, | **CONSENT JUDGMENT** |
| v. | |
| UNITED STATES POSTAL SERVICE, | |
| Defendant. | |

Plaintiff Martin J. Walsh, Secretary of Labor, U.S. Department of Labor (the "Secretary") has filed his Complaint and Defendant, the United States Postal Service ("Postal Service" or "USPS") has agreed to the entry of this Consent Judgment and Order without contest. The Secretary and the Postal Service are sometimes collectively referred to as the "Parties" in this Consent Judgment.

It is, therefore, upon motion of the Parties and for cause shown, ORDERED, that the USPS, its officers, agents, servants, employees and those persons in active concert or participation with it be restrained from violating the provisions of Section 11(c) of the Occupational Safety and Health Act of 1970, as amended, (29 U.S.C. § 660(c)) ("the Act") in any of the following manners;

USPS shall not, contrary to Section 11(c) of the Act, in any manner discriminate against any employee because said employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to the Act or has testified or is about to testify in any such proceeding or because of said employee's exercise of any right afforded by the Act on behalf of himself/herself or others.

It is further ORDERED that the Postal Service shall:

1. Within 60 (sixty) days of the date of this Order, pay Stephen Vanderford the lump sum of $10,000.00 (ten thousand dollars and no cents) in general damages ("Payment");

2. Within 60 (sixty) days of the date of this Order, expunge any adverse references from Stephen Vanderford's personnel records relating to the May 1, 2020 Notice of Separation During Probation Period, and ensure that these requirements are implemented in any personnel record USPS maintains on Stephen Vanderford;

3. Provided that Stephen Vanderford (1) will only refer prospective employers to the USPS Human Resources Shared Service Center ("HRSSC") by calling 1-877-427-3273, (2) does not identify anyone in the Santa Ana Bristol Post Office or any of his prior USPS supervisors as a reference as part of any employment application, and (3) does not direct any prospective employers to contact anyone in the Santa Ana Bristol Post Office or any of his prior supervisors regarding his employment with USPS, the HRSSC will only provide prospective employers or other

persons making inquiry into Stephen Vanderford's employment the dates of his employment, job title of positions held, and relevant salary information (the only exceptions to these limitations shall be that further information may be released if the Postal Service is provided with Stephen Vanderford's express written permission or the release of the information is otherwise required by law);

4. Retain a copy of this Consent Judgment, which will be placed in Stephen Vanderford's OPF for purposes of enforcing these terms;

5. Within 60 (sixty) days of the date of this Order, post the "OSHA Fact Sheet: OSHA's Whistleblower Protection Program" (referred to as **Appendix A** to this Consent Judgment) and the "OSHA Fact Sheet: Filing Whistleblower Complaints under Section 11(c) of the OSH Act of 1970" (referred to as **Appendix B** to this Consent Judgment) in the same place as it posts its OSHA Form 300A (Summary of Work Related Injuries and Illnesses) at 1620 W 1st Street, Santa Ana, CA 92703;

6. Within 90 (ninety) days of the date of this Order, provide Zoom training to last no less than one hour to all management officials involved in this matter who are still employed with the Postal Service wherever they may be stationed. As a component of training for these management officials, USPS shall use the training slideshow included here as **Appendix C**;

7. Within 90 (ninety) days of the date of this Order, send an email to all management officials in the Santa Ana Bristol Post Office the notice of rights and responsibilities under Section 11(c) of the Occupational Safety and Health Act of 1970 included herewith as **Appendix D**. USPS will copy OSHA on this email notification at the following email addresses: OSHA-REG09-WB@DOL.gov, and Eldridge.Megan@dol.gov (Regional Supervisory Investigatory, OSHA Whistleblower Protection Programs). This email will include the following attachments: PS Form 1767 (Report

of Hazard, Unsafe Condition or Practice) (**Appendix E** to this Consent Judgment); and OSHA Fact Sheet, OSHA's Whistleblower Protection Program (**Appendix A** to this Consent Judgment).

8. Furthermore, it is also ORDERED that each Party shall bear its own fees, costs, and other expenses incurred by such party in connection with any stage of this proceeding.

DATED this 4th day of August, 2022.

_____

THE HONORABLE FRED W. SLAUGHTER
UNITED STATES DISTRICT JUDGE

Presented by:

**UNITED STATES DEPARTMENT OF LABOR**

Marc A. Pilotin
Regional Solicitor

Jeannie Gorman
Coordinator for Whistleblower Protections


By: _/s/Rachel A. Uemoto_
Rachel A. Uemoto
Trial Attorney

Dated: August 4, 2022



Entry of this Consent Judgment and Order is hereby consented to:

**UNITED STATES POSTAL SERVICE**
Postal Service Law Department


By:  _/s/ Jocelyn Ra_____
Jocelyn Ra
Attorney


Dated: _____August 4, 2022_____

APPENDIX A

# OSHA® FactSheet

# OSHA's Whistleblower Protection Program

OSHA's Whistleblower Protection Program enforces the provisions of more than 20 federal laws protecting employees from retaliation for, among other things, raising or reporting concerns about hazards or violations of various workplace safety and health, aviation safety, commercial motor carrier, consumer product, environmental, financial reform, food safety, health insurance reform, motor vehicle safety, nuclear, pipeline, public transportation agency, railroad, maritime, and securities laws. Employees who believe that they have experienced retaliation in violation of one of these laws may file a complaint with OSHA.

## Whistleblower Laws Enforced by OSHA

Following is a list of statutes over which OSHA has jurisdiction. Each statute has a different time frame in which a complaint can be filed.

- *Asbestos Hazard Emergency Response Act (90 days)*
- *Clean Air Act (30 days)*
- *Comprehensive Environmental Response, Compensation and Liability Act (30 days)*
- *Consumer Financial Protection Act of 2010 (180 days)*
- *Consumer Product Safety Improvement Act (180 days)*
- *Energy Reorganization Act (180 days)*
- *Federal Railroad Safety Act (180 days)*
- *Federal Water Pollution Control Act (30 days)*
- *International Safe Container Act (60 days)*
- *Moving Ahead for Progress in the 21st Century Act (motor vehicle safety) (180 days)*
- *National Transit Systems Security Act (180 days)*
- *Occupational Safety and Health Act (OSH Act) (30 days)*
- *Pipeline Safety Improvement Act (180 days)*
- *Safe Drinking Water Act (30 days)*
- *Sarbanes-Oxley Act (180 days)*
- *Seaman's Protection Act (180 days)*
- *Section 402 of the FDA Food Safety Modernization Act (180 days)*
- *Section 1558 of the Affordable Care Act (180 days)*
- *Solid Waste Disposal Act (30 days)*
- *Surface Transportation Assistance Act (180 days)*
- *Toxic Substances Control Act (30 days)*
- *Wendell H. Ford Aviation Investment and Reform Act for the 21st Century (90 days)*

## What Is Retaliation?

Retaliation is an adverse action against an employee because of activity protected by one of these whistleblower laws. Retaliation can include several types of actions, such as:

- Firing or laying off
- Blacklisting
- Demoting
- Denying overtime or promotion
- Disciplining
- Denying benefits
- Failing to hire or rehire
- Intimidation
- Reassignment affecting promotion prospects
- Reducing pay or hours
- Making threats

## Filing a Complaint

Employees who believe that their employers retaliated against them because they engaged in protected activity should contact OSHA as soon as possible because they must file any complaint within the legal time limits.

An employee can file a complaint with OSHA by visiting or calling his or her local OSHA office, sending a written complaint to the closest OSHA office, or filing a complaint online. No particular form is required and complaints may be submitted in any language.

Written complaints may be filed by fax, electronic communication, hand delivery during business hours, U.S. mail (confirmation services recommended), or other third-party commercial carrier.

The date of the postmark, fax, electronic communication, telephone call, hand delivery, delivery to a third-party commercial carrier, or in-person filing at an OSHA office is considered the date filed.

To file a complaint electronically, please visit: www.osha.gov/whistleblower/WBComplaint.html.

To contact an OSHA area office, employees should call 1-800-321-OSHA (6742) to be connected to the closest area office or visit www.osha.gov/html/RAmap.html to find local OSHA office address and contact information.

When OSHA receives a complaint, OSHA will first review it to determine whether certain basic requirements are met, such as whether the complaint was filed on time. If so, the complaint will be investigated in order to determine whether the employer retaliated against the employee for engaging in activity protected under one of OSHA's whistleblower laws. OSHA may also attempt to assist the employer and employee in reaching a settlement of the case.

Private-sector employees throughout the United States and its territories and employees of the United States Postal Service (USPS) who suffer retaliation because of occupational safety or health activity are covered by section 11(c) of the OSH Act. In addition, private-sector employees are also covered by laws in States which operate their own comprehensive occupational safety and health programs approved by Federal OSHA ("State Plans"). For information on the whistleblower provisions of the 22 State Plan States which cover private-sector employees, visit www.osha.gov/dcsp/osp.

With the exception of employees of the USPS, public-sector employees (those employed as municipal, county, state, territorial, or federal workers) are not covered by the OSH Act. State and local government employees are covered by the whistleblower provisions of all the States with State Plans, including six States which cover only State and local government employees.

A federal employee who is not a USPS employee who wishes to file a complaint alleging retaliation due to disclosure of a substantial and specific danger to public health or safety or involving a violation of an occupational safety or health standard or regulation should contact the Office of Special Counsel (www.osc.gov). Such federal employees are also covered by their own agency's procedures for remedying such retaliation.

Public-sector employees who are unsure whether they are covered under a whistleblower law should call 1-800-321-OSHA (6742) for assistance, or visit www.whistleblowers.gov.

## Results of the Investigation

If OSHA determines that retaliation in violation of the OSH Act, *Asbestos Hazard Emergency Response Act*, or the *International Safe Container Act* has occurred, the Secretary of Labor may sue in federal district court to obtain relief. If OSHA determines that no retaliation has occurred, it will dismiss the complaint.

Under the remaining whistleblower laws, if the evidence supports an employee's complaint of retaliation, OSHA will issue an order requiring the employer, as appropriate, to put the employee back to work, pay lost wages, and provide other possible relief. If the evidence does not support the employee's complaint, OSHA will dismiss the complaint. After OSHA issues a decision, the employer and/or the employee may request a full hearing before an administrative law judge of the Department of Labor. The administrative law judge's decision may be appealed to the Department's Administrative Review Board.

Under some of the laws, an employee may file the retaliation complaint in federal district court if the Department has not issued a final decision within a specified number of days (180, 210 or 365 depending on the law).

## To Get Further Information

To obtain more information on whistleblower laws, go to www.whistleblowers.gov.

This is one in a series of informational fact sheets highlighting OSHA programs, policies or standards. It does not impose any new compliance requirements. For a comprehensive list of compliance requirements of OSHA standards or regulations, refer to Title 29 of the Code of Federal Regulations. This information will be made available to sensory-impaired individuals upon request. The voice phone is (202) 693-1999; teletypewriter (TTY) number: (877) 889-5627.

 

**Occupational Safety and Health Administration**

U.S. Department of Labor

DWPP FS-3638 04/2018

APPENDIX B



# Filing Whistleblower Complaints under Section 11(c) of the OSH Act of 1970

**Employees are protected from retaliation for raising workplace health and safety concerns and for reporting work-related injuries and illnesses.**

## Covered Employees

Section 11(c) of the *Occupational Safety and Health Act of 1970* (OSH Act) prohibits employers from retaliating against employees for exercising a variety of rights guaranteed under the OSH Act, such as filing a safety or health complaint with OSHA, raising a health and safety concern with their employers, participating in an OSHA inspection, or reporting a work-related injury or illness.

A covered employee is any employee of a person engaged in a business affecting interstate commerce, except employees of the United States, States, or political subdivisions of States.[1] However, employees of the United States Postal Service are also covered employees.

## Protected Activity

A person may not discharge or in any manner retaliate against an employee because the employee:

Filed any complaint or instituted or caused to be instituted any proceeding under or related to the OSH Act.

Exercised any right afforded by the OSH Act. Examples include, but are not limited to:

- communicating orally or in writing with management personnel about occupational safety or health matters, including asking questions or expressing concerns, requesting safety data sheets, reporting a work-related injury or illness, or requesting copies of OSHA standards or regulations;

- filing a safety/health complaint with OSHA;
- or participating in an OSHA on-site inspection.

## Unfavorable Employment Actions

A person taking an unfavorable employment action against an employee may be found to have violated Section 11(c) of the OSH Act if the employee would not have experienced the unfavorable employment action(s) but for their protected activity. Unfavorable employment actions may include:

- Firing or laying off
- Blacklisting
- Demoting
- Denying overtime or promotion
- Disciplining
- Denying benefits
- Failure to hire or rehire
- Intimidation
- Making threats
- Reassignment affecting prospects for promotion
- Reducing pay or hours

## Deadline for Filing Complaints

Complaints must be filed within 30 days after the alleged unfavorable employment action occurs (that is, when the employee is notified of the retaliatory action).

Employees filing untimely retaliation complaints with OSHA may be referred to the National Labor Relations Board (NLRB) for possible further action.

## How to File an 11(c) Complaint

An employee, or representative of an employee, who believes he or she has been retaliated against in violation of Section 11(c), may file a complaint with OSHA within 30 days of the unfavorable employment action (see above). Complaints may be filed verbally with OSHA

---

1. Federal employees are protected from retaliation for occupational safety or health activity under procedures established by their agencies pursuant to Executive Order 12196. See 29 CFR 1960.46-47. They are also protected from retaliation for whistleblowing under the Whistleblower Protection Act. For more information visit www.osc.gov.

by visiting or calling the local OSHA office at 1-800- 321-OSHA (6742), or may be filed in writing by sending a written complaint to the closest OSHA regional or area office, or by filing a complaint online at www.whistleblowers.gov/complaint_page.html.

Written complaints may be filed by facsimile, electronic communication, hand delivery during normal business hours, U.S. mail (confirmation services recommended), or other third-party commercial carrier.

The date of the postmark, facsimile, electronic communication, telephone call, hand delivery, delivery to a third-party commercial carrier, or in-person filing at an OSHA office is considered the date filed. No particular form is required and complaints may be submitted in any language.

To file a complaint electronically, please visit: www.whistleblowers.gov/complaint_page.html.

To contact OSHA to file a complaint, please call 1-800-321-OSHA (6742) and they will connect you to the closest office; or visit www.osha.gov/html/RAmap.html.

Upon receipt, OSHA will review the complaint to determine whether it is appropriate to conduct

a fact-finding investigation (e.g., whether the complaint was filed within 30 days; whether the allegation is covered by Section 11(c)). All complaints are investigated according to requirements in 29 CFR Part 1977.

In the 22 states with OSHA-approved state plans which cover the private sector, employees may file a complaint under Section 11(c) of the OSH Act or a complaint under the State's analogous whistleblower provision or both. The complaint with Federal OSHA must be filed within 30 days of the unfavorable employment action. The complaint filed with the State agency must be filed within the time limit prescribed by State law. State and local government employees in these States, and in six States with plans covering only State and local government employees, may only file occupational safety or health retaliation claims with the State agencies. For a list of state plans, please visit: www.osha.gov/dcsp/osp.

## What to do about a Dangerous Situation at Work

If workers believe working conditions are unsafe or unhealthful, it is recommended that they bring the conditions to their employer's attention, if possible, and before they are faced with either refusing to perform a task or exposing themselves to a serious hazard.

Workers may file a complaint with OSHA concerning a hazardous working condition at any time. For information on occupational safety and health laws, standards, and regulations, visit OSHA's website: www.osha.gov.

Not all work refusals due to unsafe or unhealthful conditions are protected by section 11(c). A worker would be protected from subsequent retaliation when the worker has a reasonable apprehension of death or serious injury; and refuses in good faith to perform the task; and has no alternative assignment; and there is insufficient time to have Federal or State OSHA conduct an inspection or where such an inspection has already taken place; and where possible the employee has sought from the employer but was unable to obtain correction of the dangerous condition. For more information: www.osha.gov/workers.

## Results of the Investigation

If the evidence supports an employee's claim of retaliation and a voluntary settlement cannot be reached, the Secretary of Labor, through the Office of the Solicitor of Labor (SOL), may litigate the case in U.S. District Court. The Secretary may seek relief to make the employee whole, including:

- Reinstatement.
- Payment of back pay with interest.
- Compensation for expenses the employee may have incurred, as a result of the retaliation with interest; and for emotional distress.
- Punitive damages.
- Non-monetary relief.

If the OSHA Regional Administrator whose office investigated the case finds that the evidence does not support an employee's claim of retaliation, the employee may seek review by the Directorate of Whistleblower Protection

Programs (DWPP) in Washington, D.C. by filing a request for such review, within 15 days of the employee's receipt of the dismissal letter, with a copy to the Regional Administrator.

## To Get Further Information

For a copy of Section 11(c) of the *Occupational Safety and Health Act* (29 U.S.C. §660(c)), the regulations (29 CFR 1977), and other information, go to www.whistleblowers.gov.

OSHA's Whistleblower Protection Program enforces the whistleblower provisions of more than twenty federal whistleblower laws. To learn more about the whistleblower statutes which OSHA enforces, view our "Whistleblower Statutes Desk Aid" at www.whistleblowers.gov/whistleblower_acts-desk_reference.pdf. You can also call OSHA at 1-800-321-OSHA (6742) if you have questions or need more information.

**This is one in a series of informational fact sheets highlighting OSHA programs, policies or standards. It does not impose any new compliance requirements. For a comprehensive list of compliance requirements of OSHA standards or regulations, refer to Title 29 of the Code of Federal Regulations. This information will be made available to sensory-impaired individuals upon request. The voice phone is (202) 693-1999; teletypewriter (TTY) number: (877) 889-5627.**



U.S. Department of Labor

**Occupational Safety and Health Administration**

DWPP FS-3812 04/2018

APPENDIX C

# Retaliation is Against the Law

The U.S. Postal Service is committed to a culture of compliance with the law and to a safe workplace. All employees are encouraged to be alert to and raise unsafe and hazardous conditions and to be able to freely report a workplace injury without fear of losing their job or suffer other retaliation.



## YOUR RESPONSIBILITIES IF AN EMPLOYEE TELLS YOU ABOUT A WORKPLACE INJURY, HAZARD, OR POTENTIAL VIOLATION OF THE LAW



- Report it as instructed and use PS Form 1767;
- Ensure that your treatment of that employee going forward is <u>not different</u> because they raised these issues with you.

# Whistleblower Protections

Federal law protects __whistleblowers__ who raise concerns about workplace health and safety. Whistleblowers are protected by federal laws such as the Occupational Safety and Health Act (OSHA). Because of these federal laws, employers *must not retaliate* against an employee for raising safety concerns.

## "WHAT IS A "PROTECTED ACTIVITY" UNDER FEDERAL LAW?

When an employee informs their employer of an workplace injury or safety concern, that activity is "protected." This means that the employer cannot treat the employee differently  for raising that safety concern or workplace injury. Here are some common examples of protected activities:

**1**   *Filing a report* about a possible violation of the law with OSHA or other government agencies,

**2**   *Raising or reporting a concern* about a possible violation of the law,

**3**   *Raising or reporting a workplace injury*, illness, or hazard,

**4**   *Cooperating* with law enforcement,

**5**   *Refusing to do tasks that would violate federal or state law*, or

**6**   *Engaging* in any other type of legally protected activity.



# THESE WHISTLEBLOWER PROTECTIONS DO NOT ONLY PROTECT FULL-TIME PERMANENT EMPLOYEES.



Probationary, term, and/or temporary employees are equally protected under federal whistleblower laws.

# WHAT IS AN ILLEGAL "ADVERSE ACTION"

As a supervisor/manager and representative of the U.S. Postal Service, you **may not** punish or treat someone differently because they reported an injury, a safety complaint, or the employer's illegal activity.

This is called taking an **"adverse action"** against an employee.





# WHAT DOES THIS LOOK LIKE IN PRACTICE?

It is your responsibility to make sure that your decisions as a supervisor or manager promote a workplace culture that is safe and does not discourage raising safety and health concerns. For example,



EMPLOYEE REPORTS INJURY, SAFETY CONCERN, OR HAZARD

FILE REPORT

LATER ON, YOU ARE ASKED TO MAKE A DECISION ABOUT THE EMPLOYEE (E.G. SCHEDULE CHANGE)

**ASK YOURSELF:**
Am I making this decision in the **same way** I would for an employee who did **not** report a concern or injury?

TREAT EMPLOYEE EQUALLY IN YOUR DECISION

# HYPOTHETICALS

**HYPO #1:** Marty was hired three weeks ago as a mail carrier. While Marty is still in his probationary period, he texts you while on his route: "I just hurt my knee, I think I need to leave and see a doctor." You respond in a text message saying, "Okay, but please remember you are still on probation and attendance is very important if you want a good review."

**Would your response constitute an "adverse action" under federal whistleblower law?**



It's a Stretch

"The pain's mostly just in my knees."

copyright 2014

www.bestptbilling.com

# HYPOTHETICALS

**HYPO #2:** Abby told her supervisor she strained her shoulder muscle while closing an LLV door. Her supervisor reasons that she must not have closed the door in a safe manner if she pulled a muscle - he opens LLV doors safely all of the time and he's never injured himself.  He disciplines Abby for not performing her job safely.



**Would disciplining Abby in this circumstance constitute an "adverse action" under federal whistleblower law?**

# HYPOTHETICALS

**HYPO #3:** While 20 days into his probationary period, Bruce suffers a back injury while being chased by a dog on his route. After taking a five week leave to address his injury, Bruce returns to work on "light duty."  The day after Bruce returns, his supervisor sends out an invitation to letter carriers for an upcoming "Leadership Development" training, but does not invite Bruce.

**Would not sending Bruce this invitation constitute an "adverse action" under federal whistleblower law?**



APPENDIX D

RETALIATION IS AGAINST THE LAW

The U.S. Postal Service is committed to a culture of compliance with the law and to a safe workplace. All employees (including probationary, term, and temporary employees) are encouraged to be alert to and raise unsafe and hazardous conditions and to be able to freely report a workplace injury without fear of losing their job or suffer other retaliation.

If an employee tells you about a workplace injury (whether they are your direct report or not) or that they see a hazard or potential violation of law, you have a duty to report it as instructed and using form **PS Form 1767** (attached) and you have a duty to ensure that your treatment of that employee going forward is not different because they raised these issues with you.

Federal law protects whistleblowers who raise concerns and possible violations of laws such as the Occupational Safety and Health Act (OSHA). Because of these whistleblower protections, employers must not retaliate against an employee for engaging in activities that are protected under these laws.

Employee activities protected under these laws include:

- ***filing a report*** about a possible violation of the law with OSHA or other government agencies,
- ***raising or reporting a concern*** about a possible violation of the law to the employer/supervisor,
- ***raising or reporting a workplace injury***, illness, or hazard,
- ***cooperating*** with law enforcement,
- ***refusing to conduct tasks that would violate federal or state law***, or
- ***engaging*** in any other type of legally protected activity.

These whistleblower protections do not only protect full-time permanent employees. **Probationary, term, and/or temporary employees are equally protected under these federal whistleblower laws.**

You as a supervisor/manager and representative of the U.S. Postal Service may not punish or treat someone differently because they have reported a violation of the law, reported a safety complaint, or reported a workplace injury, illness, or hazard. This is called taking an "adverse action" against an employee. Adverse actions can be subtle. Here are some examples of adverse actions:

- Firing or laying off
- Demoting
- Denying overtime or promotion
- Disciplining
- Denying benefits
- Failing to hire or rehire
- Intimidation (such as responding to an employee with a stern reminder that they are on probation, when the employee reports an injury and requests time off for medical appointments)
- Making threats

- Blacklisting (such as notifying other potential employers that an applicant should not be hired or refusing to consider applicants for employment who have reported concerns to previous employers)
- Reassignment to a less desirable position or actions affecting prospects for promotion (such as excluding an employee from training meetings)
- Reducing pay or hours
- More subtle actions, such as isolating, ostracizing, mocking, or falsely accusing the employee of poor performance.

It is your responsibility to make sure that your decisions as a supervisor or manager promote a workplace culture that is safe and does not discourage raising safety and health concerns. For example, when making decisions regarding employees who have reported a workplace injury, safety concern or hazard ask yourself:

- Did this employee's report of their workplace injury or concern influence my decision to initiate disciplinary action in any way?
- When two or more employees engage in the same improper conduct, do I only discipline or discipline more severely the employee(s) who reported a concern or injury?
- Am I making this schedule change, assignment change, or granting/denying a leave request in the same way I would for an employee who did not report a concern or injury?
- Do I treat employees who have not reported a concern or an injury better than I treat employees who have reported a concern or an injury?

For more information on how employees can file a complaint with OSHA, employees can visit www.whistleblowers.gov or call OSHA at 1-800-321-OSHA (6742).

Please review the attached **OSHA 11(c) Fact Sheet** for more information.

REMEMBER—when employees are fearful of reporting—the entire workforce is put at risk! Ensuring that employees can report injuries/illnesses without fear of retaliation is crucial to protecting worker safety and health.

APPENDIX E



**UNITED STATES
POSTAL SERVICE** ®

## Report of Hazard, Unsafe Condition or Practice

Hazard Control Number
*(Assigned by Safety Officer)*

_ _ _ _ _ _ _ _ _

## I. EMPLOYEE'S ACTION

Area *(Specify Work Location)*

Describe hazard, unsafe condition or practice. Recommended corrective action.

| **Employee** | Print and Sign | Date and Tour |
|---|---|---|

## II. SUPERVISOR'S ACTION

Recommend or describe action taken to eliminate the hazard, unsafe condition or practice. *(If corrective action has been taken, indicate the date of abatement.)*

| **Supervisor** | Print and Sign | Date |
|---|---|---|

## III. APPROVING OFFICIAL'S ACTION *(Check One and Complete)*

| | The following corrective action was taken to eliminate the hazard, unsafe condition or practice *(Indicate date of abatement)*: |
|---|---|
| | A work order has been submitted to the manager, plant maintenance to effect the following change: |
| | There are no reasonable grounds to determine such a hazard exists. This decision is based upon: |

| **Approving Official** | Print and Sign | Date | Date Employee Notified |
|---|---|---|---|

## IV. MAINTENANCE ACTION *(Complete if Necessary)*

| **Maintenance Supervisor** | Print and Sign | Date | Date Hazard Abated |
|---|---|---|---|

PS Form **1767,** March 2017   PSN 7530-01-000-9422

WHITE – Local Safety Office *(After Abatement)*
YELLOW – Approving Official

PINK – Local Safety Official *(Initial Notice)*
BLUE – Employee

## INSTRUCTIONS

## I. EMPLOYEE (Print, sign, and date.)

a.  Complete section I. and file it with your immediate supervisor.

b.  If you desire anonymity, complete section I. (including your name) and file the report with the Safety Office. Safety personnel will immediately return the form to your supervisor for necessary action, and will delete your name from the form to ensure your anonymity.

## II. SUPERVISOR (Print, sign, and date.)

a.  Investigate the alleged hazard during the same tour of duty in which the report was received.

b.  Abate the hazard if it is within the scope of your authority to do so.

c.  Record the action taken to eliminate the hazard or record recommendation for corrective action in section II. and sign your name.

d.  Forward the original and yellow copy to your immediate supervisor (approving official); send the pink copy to the Safety Office; and give the employee the remaining blue copy as a receipt. It is your responsibility to monitor the status of the report, at all times, until the hazard is abated.

## III. APPROVING OFFICIAL (Print, sign, and date.)

a.  Initiate action to eliminate or minimize the hazard. If this results in the submission of a work order, attach the original of this form, and forward through channels, to the manager, Plant Maintenance.

b.  If you determine that there are no reasonable grounds to believe a hazard exists, notify the employee in writing within 15 calendar days. Safety personnel will assist you in this determination when requested.

c.  If the hazard was abated by the first line supervisor or when it has been abated through your actions, notify the employee in writing, and send the original of this form to the Safety Office.

## IV. MAINTENANCE SUPERVISOR (Print, sign, and date.)

When the work order has been completed, sign, date, and return the original of this form to the approving official who will then forward it to the Safety Office.